UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) PLAINTIFF'S HOFFMAN-LA ROCHE MOTION FOR "CONDITIONAL CERTIFICATION" OF COLLECTIVE ACTION; ISSUANCE OF CLASS NOTICE; AND EQUITABLE TOLLING OF LIMITATIONS** (filed 02/17/09)

## I.   INTRODUCTION

On November 19, 2008, plaintiff Marie J. Ali filed the instant "collective action" against defendant the County of Los Angeles ("the County") for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

On February 17, 2009, plaintiff filed the instant "Hoffman-La Roche Motion for 'conditional certification' of collective action; issuance of class notice; and equitable tolling of limitations." On March 23, 2009, defendant filed its opposition. On March 30, 2009, plaintiff filed her reply. On April 2, 2009, defendant filed its surreply. A hearing was held on April 6, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff alleges that she was employed by the Los Angeles County Department of Children and Family Services ("DCFS") as a Child Social Worker. Compl. ¶ 6. Plaintiff purports to bring this action on behalf of herself and all other Child Social Workers who were employed by the DCFS within the applicable limitations period who worked in excess of the maximum hours prescribed by 29 U.S.C. § 207(a), but did not receive the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

required compensation.

Plaintiff asserts that at any given time, the DCFS employs well over 1,000 Child Social Workers. Mot. at 14. Plaintiff further asserts that the Child Social Workers, who are compensated on an hourly basis, were instructed by their supervisors not to report their overtime hours on their regular time sheets unless the overtime was accumulated in the performance of certain "emergency services." Id. Plaintiff asserts that she worked on average four to five overtime hours per week for which she was not paid. Id. at 15. Plaintiff further asserts that when she or her fellow Child Social Workers worked overtime hours that were not recorded, one of two things occurred: (1) they received neither cash compensation nor compensatory time off; or (2) they were given compensatory time off in lieu of cash compensation that was unlawfully calculated at the rate of one hour of compensatory time off for each hour of unrecorded overtime worked. Id. at 15-16.

Defendant asserts that at any given time, the DCFS employs 3,500 Child Social Workers and approximately 640 supervisors who are assigned to approximately 20 different field offices throughout the County. Opp'n at 3. Defendant asserts that the DCFS's policies unambiguously mandate that social workers be paid for all time worked. Id. at 6. Defendant asserts that DCFS's policy requires that all overtime must be authorized by its formal pre-approval process.[1] Id. Defendant asserts that if a supervisor discovers that a Child Social Worker has worked unauthorized overtime, he/she must ensure that the worker is counseled for failing to follow the policy and compensated for his/her time. Id. at 7. Defendant asserts that Child Social Workers must request overtime on a "DCFS 158 form" and that final approval for these requests is received "within a day or two of the request, and on many occasions, this occurs within minutes." Id. Defendant asserts that the Child Social Workers can choose to be paid for their overtime

---

[1] In the companion case Arthur Ellerd v. County of Los Angeles, Case No. CV-08-4289, defendant outlines the overtime system in more detail. Defendant asserts that it requires its workers obtain pre-approval for overtime by filling out a form (1) indicating the name of the case for which overtime is requested; (2) describing the tasks that will be completed; (3) indicating where the overtime work will be performed; and (4) estimating how many overtime hours will be needed to complete the task(s).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

or they can accrue compensatory time off. Id. at 7-8. Defendant asserts that "regardless of whether pre-approval was sought or obtained, however, once a [Child Social Worker] works overtime, he or she must be paid for all overtime worked in compliance with the law and DCFS's policy." Id. at 8.

Defendant further asserts that plaintiff worked for DCFS for less than ten months, from October 2006, until August 2007, when she resigned from the Compton field office Id. at 9. Defendant asserts that plaintiff did not visit any other DCFS field office at any time and was supervised by two supervisors, Latonya Johnson and Lourdes Diaz. Id. Defendant asserts that plaintiff testified at her deposition that she utilized a "formal" and "informal" overtime system per a private agreement with her supervisor Ms. Diaz. Id. at 10. The "formal" system was DCFS's overtime policy and plaintiff acknowledges that she was paid in full for the overtime that she submitted in this manner. Id. The "informal" system resulted from an agreement between plaintiff and Ms. Diaz, whereby plaintiff "informally" kept a list of the overtime hours that she worked so that she could use those hours when she needed to take time off. Id. Plaintiff testified that she never had the opportunity to use the "informal comp time" that she accrued per her agreement with Ms. Diaz and that she was not compensated for this time upon her resignation. Id. Plaintiff further testified that while she was under the supervision of Ms. Johnson, she was full compensated for all the time that she worked. Id. at 10-11.

Plaintiff seeks "conditional certification" of this action as a "collective action" pursuant to 29 U.S.C. § 216(b), with the plaintiff class defined as:

> ALL PERSONS WHO HAVE BEEN EMPLOYED AS A CHILDREN'S SOCIAL WORKER (trainee, CSW I, CSW II, and/or CSW III) AT THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES AT ANY TIME FROM 19 NOVEMBER 2005 TO THE PRESENT

Mot. at 1.

## III.   LEGAL STANDARD

### A.   The Fair Labor Standards Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

  Congress enacted the FLSA in 1938 to establish nationwide minimum wage and maximum hours standards. Moreau v. Klevenhagen, 508 U.S. 22, 25 (1993). Section 7 of the FLSA encourages compliance with maximum hours standards by providing that employees generally must be paid on a time-and-one-half basis for all hours worked in excess of 40 per week. 29 U.S.C. § 207(a). However, under the Fair Labor Standards Amendments of 1985, public employers may compensate employees who work overtime with extra time off instead of overtime pay in certain circumstances. Moreau, 508 U.S. at 24.

  **B. Collective Actions**

  A "collective action" differs from a class action. McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007). "In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt out of the suit. By contrast, in a collective action each plaintiff must opt into the suit by 'giv[ing] his consent in writing.'" Id. (citing 29 U.S.C. § 216(b)). As result, "unlike a class action, only those plaintiffs who expressly join the collective action are bound by its results." Id. (citing 29 U.S.C. § 256). Section 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, but it is "within the discretion of a district court" to authorize such notice. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989).

  The majority of courts follow a two-step approach for determining whether certification of a § 216(b) collective action is appropriate. E.g., Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004); Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006). Under the two-step approach, the court must first decide, "based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." Leuthold, 224 F.R.D. at 467. Plaintiff bears the burden of showing that "the proposed lead plaintiffs and the proposed collective action group are 'similarly situated' for purposes of § 216(b)." Id. at 466. This determination is usually made "under a fairly lenient standard and typically results in conditional class certification." Id. at 467. "Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." Edwards, 467 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

Supp. 2d at 990 (internal citations omitted). The second step occurs once discovery is complete and the case is ready for trial.[2] Id.

## IV. DISCUSSION

Plaintiff argues that the Court should certify this action as a collective action because she is "similarly situated to the persons to whom the notice is sought to be issued." Mot. at 10-11 (citing Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 991 (C.D. Cal. 2006)). Plaintiff contends that DCFS' policies, procedures, and practices with regard to overtime compensation is the same for all Child Social Workers. Plaintiff further contends that the Court should direct that notice be provided to all potential class members by mail and workplace posting. Id. at 17. Plaintiff argues that the notice should be posted at each of the nineteen offices where Child Social Workers are employed and that consent-to-join forms should be distributed at such workplaces. Id. at 18 (citing Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474, 481 (E.D. Cal. 2006)). Plaintiff requests that a "notice packet" be distributed consisting of (1) the Hoffman-La Roche notice; (2) the consent-to-join form; and (3) a pre-addressed, posted envelope for use in returning the completed consent-to-join form. Id. at 18. Plaintiff further requests that reminder postcards be mailed sixty days prior to the deadline, and again thirty days prior to the deadline. Id.

Moreover, plaintiff argues that her counsel would adequately represent the "members of the proposed plaintiff class." Mot. at 6. Plaintiff argues that her counsel has is one of 108 attorneys who have been designated as a "Legal Specialist in Civil Trial Advocacy" by the State Bar of California. Gallo Decl. ¶ 19. Plaintiff further argues that her counsel has represented several classes of plaintiffs in class actions and has specialized since 2000 in the prosecution of civil actions against California employers who fail to comply with overtime laws. Id. ¶¶ 24-26.

---

[2] "At that time, the party opposing § 216(b) collective action treatment may move to decertify the class. Whether to decertify is a factual determination, made by the court, based on the following factors: '(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations.'" Edwards, 467 F. Supp. 2d at 990 n. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

      Defendant responds that "off the clock" work claims based on a supervisor's instructions are "inherently individualized." Opp'n at 13 (citing England v. New Century Fin. Corp., 370 F. Supp. 2d 504, 509-11 (M.D. La. 2005); Horne v. United Services Automobile Ass'n, 279 F. Supp. 2d 1231, 1235-36 (M.D. Ala. 2003); Castle v. Wells Fargo Financial, Inc., 2008 WL 495705 at *1 (N.D. Cal. Feb. 20, 2008)). Defendant argues that plaintiff fails to allege a common unlawful policy or practice that would permit the Court to adjudicate her claims on a class-wide basis. Id. at 16. Defendant contends that plaintiff's complaint is based on an "individualized 'flex-time' practice she claims resulted from a private agreement between her and her supervisor." Id. at 17. Defendant argues that plaintiff's deposition testimony demonstrates that she has no specific knowledge as to whether her co-workers worked overtime or whether they were compensated for such work. Id. at 18. Defendant further argues that it has obtained declarations from putative class members who indicate that they were paid for all hours worked and were never told to report overtime inaccurately.[3] Id. at 20. Defendant contents that plaintiff's allegations do not even apply to both of her supervisors. Id. at 19.

      Defendant further responds that in order to adjudicate plaintiff's claim on a class-wide basis, the Court would require to individually examine each supervisor and worker for every pay period and determine (1) whether an employee spent time working that was not recorded on his/her time card; (2) why the employee worked and did not record his/her hours; (3) whether the employee's supervisor had actual or constructive knowledge of the employee's "off the clock" work; and (4) whether the employee worked

---

[3] Defendant has submitted the declarations of 25 DCFS employees who indicate that they were never told to work overtime "off the clock." E.g., Arutyunyan Decl. ¶ 14 ("No one from DCFS has ever told me to work 'off-the-clock.' In fact, the opposite is true. My supervisor reminds me to submit a 158 Form for all of the overtime hours I work"); Mealancon Decl. ¶¶ 9, 10, 18 (stating that no one has ever told her to work off-the-clock, she has never told her CSWs to work off-the-clock, and she is unaware that any of her CSWs work off-the-clock); Sayouty Decl. ¶ 9 ("I record all hours that I work for the County on my time sheet"); Sandino Decl. ¶ 8 (stating that her timesheets are accurate and include all hours she has worked); Leschke Decl. ¶ 6 ("All of the overtime hours that I work are recorded on my timesheet.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

less time than recorded during the remainder of the week such that the total time worked was less than 40 hours. Opp'n at 24.

Plaintiff responds that defendant has deprived plaintiff of any meaningful discovery. Reply at 5. Plaintiff contends that she advised defendant, in writing, of defendant's legal obligation to disclose the names, addresses and telephone numbers of potential class members. Id. (citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)). Plaintiff argues that when defendant issued its initial disclosures on February 11, 2009, the disclosures provided the names of only five potential witnesses and failed to provide any contact information for those witnesses. Id. at 6. Plaintiff further contends that she filed a motion to compel further disclosure and that the parties entered into a stipulated order on March 18, 2009, pursuant to which (1) defendant was to issue a supplemental initial disclosure disclosing the names of its Regional Administrators and Assistant Regional Administrators within five court days of the entry of the stipulated order and (2) defense counsel was to accept service of deposition and trial subpoenas on behalf of the persons named in defendant's supplemented disclosure. Id. at 8. Plaintiff argues that defendant has failed to comply with the court-ordered supplemental initial disclosure. Id. (citing Gallo Decl. ¶ 16; March 18, 2009 Order at 2). Therefore, plaintiff argues that she has not been able to issue any deposition subpoenas or interview any social workers aside from her immediate supervisor, Lourdes Diaz. Reply at 9. Plaintiff further argues that defendant has refused to answer an interrogatory seeking the names and contact information of the potential class members. Id. at 9.

Plaintiff further responds that the evidence proffered by defendant is unreliable. Reply at 10. Plaintiff argues that of the twenty-five declarations provided by defendant, (1) only one was by a person named in defendant's initial disclosures; (2) all were from current employees; (3) all concluded with a "free-will attestation"; and (4) no evidence has been provided as to how the declarants were selected. Id. at 12-14. Plaintiff further argues that the evidence proffered by defendant in opposition to her motion is "exactly the type of evidence which a plaintiff can counter only through the discovery process which would precede a 'step two' motion to decertify." Id. at 15.

Plaintiff further argues that her unrecorded overtime was not part of a private arrangement with Ms. Diaz. Reply at 16. Plaintiff contends that she testified at her deposition that her supervisor stated during a unit meeting that "[the supervisor] knew that we were all putting in additional hours beyond – the overtime that we put on our

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

little – our overtime request form . . ." Id. at 17 (citing Gallo Decl. at 82:12-17). Plaintiff further contends that she was compensated for her overtime when she worked under Ms. Jackson because during that "brief period of time," all of her overtime was for "emergency services," for which it is undisputed that defendant pays overtime. Id. at 18.

Moreover, plaintiff argues that she has knowledge of defendant's overtime practices outside of the Compton office. Reply at 19. Plaintiff testified at her deposition that a union representative informed an assembled group of Compton workers at a union meeting that he was aware of the problem of uncompensated overtime throughout the department. Id. (citing Gallo Decl. at 36:16 to 38:14). Plaintiff further testified that she had conversations with social workers from two other DCFS offices during which "all this crazy overtime stuff" was discussed. Id. (citing Gallo Decl. at 44:4).

Additionally, plaintiff argues that the deposition of Ms. Diaz confirmed plaintiff's testimony. Reply at 20. Plaintiff contends that Diaz testified that an "informal" overtime system was in place at each of the three DFCS offices where she has worked and that social workers would sometimes work more than forty hours in a week without compensation. Id. at 20-21 (citing Gallo Decl. Ex. H at 28-29, 55). Plaintiff further contends that Ms. Diaz testified that (1) she did not invent the "informal" overtime system; (2) that she initiated it at the Glendora office and that it was independently initiated in the Compton and Belvedere office without any suggestion by her; and (3) that the system worked the same way in each of the three offices where she worked. Id. at 21 (citing Gallo Decl. Ex. H at 35:10-12; 30:2-6; 38:17-20; 39:14-20; 55:2-9; 55:21-56:11). Plaintiff argues that "[i]t would not be reasonable to assume that, by some fantastic coincidence, the 'informal overtime' system sprung into existence independently." Id. at 22.

The Court concludes that conditional certification of a collective action is appropriate. Although defendant has "made its own substantial allegations (supported by affidavits and depositions) which contradict many of the facts that the plaintiffs seek to prove," the Court is satisfied that plaintiff has made "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Grayson v. K Mart Corp., 79 F.3d 1086, 1096, 1099 (11th Cir. 1996). Plaintiff testified at her deposition that her supervisor stated during a unit meeting that "she knew that we were all putting in additional hours beyond – the overtime that we put on our little – our overtime request form . . ." Gallo Decl., Ex. G at 82:12-17. Plaintiff further testified that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

a union representative informed a group of 20 to 30 Compton workers at a union meeting that unpaid overtime work was a problem throughout the department. Id. at 36:16-25. Moreover, plaintiff's deposition testimony was confirmed by the deposition testimony of Ms. Diaz, who testified that this same type of "informal" overtime system existed, to some extent, at three different offices. Gallo Decl. Ex. H at 37-39, 54-55. Plaintiff has provided enough support to make the "lenient" threshold showing that potential members of the § 216(b) collective action are "similarly situated." Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006) ("applying the lenient standard used in the first step of the analysis, the Court finds that conditional certification of a § 216(b) collective action is appropriate. Plaintiffs' complaint, affidavits and supporting exhibits assert that plaintiff Edwards routinely works unpaid overtime in violation of the FLSA, and that plaintiff Edwards's experiences are shared by the members of the proposed § 215(b) collective action."); Leuthold v. Destination America, Inc. 224 F.R.D. 462, 467 (N.D. Cal. 2004) (holding that plaintiffs' complaint and affidavits regarding their failure to be paid for overtime were sufficient to conditionally certify a collective action).

**B.   Equitable Tolling**

Plaintiff acknowledges that the limitations period does not cease to run as to any individual employee until he or she files his or her individual consent to become a party plaintiff. Mot. at 19 (citing 29 U.S.C. § 256). Plaintiff argues that this works a "manifest injustice" upon potential class members whose filing of consent is delayed by (1) wrongful refusal by defendant to provide names and contact information of potential class members; or (2) delay in the judicial system's resolution of a request for issuance of a Hoffman-La Roche notice. Id. Plaintiff contends that courts typically grant equitable tolling to protect employees from such injustice. Id. (citing Adams v. Inter-Con Security Systems, 242 F.R.D. 530, 542-44 (N.D. Cal. 2007); Boldozer v. American Family Mutual Insurance Company, 375 F. Supp. 2d 1089, 1092-93 (D. Colo. 2005)).

Plaintiff argues that the proper date for equitable tolling is either: (a) the date on which the complaint was filed; or (b) thirty days from the date on which the plaintiff first requested the names and contact information of potential class members. Mot. at 20 (citing Boldozer, 375 F. Supp. 2d at 1093; Adams, 242 F.R.D. at 543). Plaintiff contends that they filed the instant complaint on November 19, 2008, and that on January 12, 2009, they first requested the names and contact information of the potential class members at the parties Rule 26(f) conference. Mot. at 7 (citing Richmond Decl. ¶ 4). Plaintiff further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

argues that the County raised privacy objections to the disclosure of this information.  Id.

The Court concludes that equitable tolling is appropriate in this case because defendant has delayed in providing the contact information of potential plaintiffs.  Adams v. Inter-Con Sec. Systems, Inc., 242 F.R.D. 530, 543 (N.D. Cal. 2007) ("Because plaintiffs have diligently pursued their legal rights by soliciting information from defendants, and defendant's refusal has delayed that pursuit, equitable tolling is appropriate.").  The statute of limitations for potential plaintiffs will be equitably tolled beginning February 11, 2009, which is 30 days after plaintiff first requested the names and contact information of potential class members during the parties' Rule 26(f) conference, until defendant supplies plaintiffs' counsel with the contact information of those potential class members.  Id.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion for conditional certification of a collective action, issuance of class notice, and equitable tolling of limitations.

Notice shall be issued to the class, defined as follows

> ALL PERSONS WHO HAVE BEEN EMPLOYED AS A CHILDREN'S SOCIAL WORKER (trainee, CSW I, CSW II, and/or CSW III) AT THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES AT ANY TIME FROM 19 NOVEMBER 2005 TO THE PRESENT

both by mail and by workplace posting. The Court ORDERS the parties to meet and confer and attempt to agree upon a joint proposed notice. If the parties are unable to reach an agreement, the parties may each submit a proposed notice. The proposed notice(s) must be submitted within ten (10) days of the date of this Order.  In the event that the parties do not submit a joint proposed notice, the parties should file any objections to the proposed notices within twenty (20) days of the date of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7627 CAS (FFMx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | MARIE J. ALI v. COUNTY OF LOS ANGELES | | |

  The statute of limitations shall be tolled from February 11, 2009, until defendant supplies plaintiffs' counsel with the contact information of the potential plaintiffs.

  The Court appoints plaintiff Marie J. Ali as lead plaintiff on behalf of the class. The Court further appoints David J. Gallo and Megan Anne Richmond as class counsel.

  IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |